IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ERIC MCDONALD EVANS,

     Petitioner,

v.                                                    Civil Action No.  3:08cv307

GEORGE M. HINKLE,

     Respondent.

## MEMORANDUM OPINION

Petitioner Eric McDonald Evans, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Parties have consented to jurisdiction under 28 U.S.C. § 636(c) and subject matter jurisdiction is proper pursuant to 28 U.S.C. § 2254.

Petitioner challenges his convictions for abduction and assault and battery by the Circuit Court of Rockingham County ("the Circuit Court").  Respondent filed an answer and  motion to dismiss the petition as time barred, along with a brief in support and a *Roseboro*[1] notice (Docket Nos. 7-10).  The matter is ripe for adjudication.  For the reasons set forth below, this Court finds Petitioner's request untimely.

### I.  Procedural History

Petitioner pleaded guilty to one count of abduction and one count of assault and battery. (Respt.'s Br. Supp. Mot. Dismiss Ex. A.)  The Circuit Court entered final judgment on March 1, 2006, sentencing Petitioner to an eleven-year term of imprisonment, with forty-two months suspended.  (Respt.'s Br. in Supp. of Mot. to Dismiss Ex. A 2.)  Petitioner did not appeal.  On

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

November 20, 2006, Petitioner filed a motion to reduce, suspend or modify sentence ("Motion to

Reduce") along with a petition for writ of mandamus. (Respt.'s Br. in Supp. of Mot. to Dismiss

Ex. B.)  The Circuit Court[2] denied Petitioner's Writ of Mandamus and Motion to Reduce on

September 14, 2007.  (Respt.'s Br. in Supp. of Mot. to Dismiss Ex. C.)  Petitioner did not appeal.

Petitioner executed a Virginia habeas petition on February 7, 2008.[3]  The Supreme Court of

Virginia dismissed the petition as untimely on April 29, 2008.  (Respt.'s Br. in Supp. of Mot. to

Dismiss Ex. D.)

## II.  Grounds for Federal Habeas Relief

On May 16, 2008, Petitioner executed this petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254.[4]  Petitioner raises the following two claims:

Claim 1:    Trial counsel rendered ineffective assistance by:
  (A)    not conducting a proper investigation, and
  (B)    failing to object to perjured testimony offered by the alleged
         victim. (Pet. 6.)

Claim 2:    The evidence presented at trial was insufficient as a matter of law to
            sustain Petitioner's conviction because the "[c]onviction rested on
            testimony by the alleged victim that she was held against her will while
            sharing an apartment with [P]etitioner and later telling the court she was
            not held against her will not [sic] was she physically assaulted by
            [P]etitioner." (Pet. 7.)

---

[2]The petition for Writ of Mandamus was captioned to the Supreme Court of Virginia,
nonetheless, the Circuit Court addressed the writ.

[3] For purposes of this Memorandum Opinion only, the Court assumes, as does
Respondent, that Petitioner's state habeas petition is deemed filed as of this date. (Respt.'s Br. in
Supp. of Mot. to Dismiss ¶ 9.)

[4] The Court considers a prisoner's federal habeas corpus petition filed on the date the
petition is delivered to prison authorities for mailing to a court. *See Houston v. Lack*, 487 U.S.
266 (1988).  Where evidence of such delivery is lacking, such as the instant case, the Court will
grant the benefit of the date of execution for filing purposes.

## III. Analysis

### A.   Time Bar

All petitions under 28 U.S.C. § 2254 are subject to a one-year statute of limitations.

Federal law provides that:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

The Circuit Court entered Petitioner's final judgment on March 1, 2006.  (Respt.'s Br. in Supp. of Mot. to Dismiss Ex. A.)  Virginia law allowed Petitioner thirty days to file a notice of appeal.  Va. Sup. Ct. R. 5A:6(a).  Because Petitioner did not file a notice of appeal, his conviction because final pursuant to 28 U.S.C. § 2244(d)(1)(A) on Friday, March 31, 2006, the date his deadline for seeking direct review expired.[5]  The federal statute of limitations expired on

---

[5] Petitioner argues that his conviction became final when the Circuit Court dismissed his Motion to Reduce. (Petr.'s Rebuttal 1.) Petitioner fails to provide, however, any authority for the proposition that he was able to seek further direct review of his conviction after the time for filing a direct appeal expired.

March 31, 2007. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000). Petitioner filed

his federal habeas petition on May 16, 2008, 412 days late. Unless Petitioner is entitled to a

period of tolling, the instant petition is time barred.

### B.   Statutory Tolling

The federal habeas statutes provide that the statute of limitations tolls for the period

during which a properly filed application for state collateral review is pending. 28 U.S.C.

§ 2244(d)(2).[6] Assuming that either Petitioner's Motion to Reduce or petition for a writ of

mandamus constituted a properly filed application for collateral review,[7] these motions were

pending for 359 days from November 20, 2006, until September 14, 2007. Thus, even with the

benefit of statutory tolling, Evans filed the instant petition fifty-three (53) days after the statute of

limitations elapsed. Unless Petitioner also qualifies for a period of equitable tolling, this petition

is time barred.

### C.   Equitable Tolling

Equitable tolling of the statute of limitations is "reserved for those rare instances

where–due to circumstances external to the party's own conduct–it would be unconscionable to

enforce the limitation period against the party and gross injustice would result." *Harris v.

Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Accordingly, Petitioner "is only entitled to

equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external

---

[6] "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. 2244(d)(2).

[7] *Compare Harris v. Director, Va. Dep't of Corr.*, 282 F. App'x 239, 241-42 (4th Cir. 2008) (No. 06-6719), *available at* 2008 WL 2567576, *2-3, *with Walkowiak v. Haines*, 272 F.3d 234, 237-39 (4th Cir. 2001).

to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

Petitioner advances as grounds for equitable tolling only that "[i]t was the duty of the petitioner's trial counsel to timely file the requisite motions to assure he would not be time barred and should this Court rule in favor of respondent a 'grave injustice' would be manifested."[8] (Petr.'s Rebuttal ¶ 2.) Petitioner fails to explain how counsel's alleged failure constitutes extraordinary circumstances. *See Rouse*, 339 F.3d at 248-49 (citing cases for the proposition that attorney error in calculating a deadline does not constitute an extraordinary circumstance warranting equitable tolling). To the extent Petitioner refers to some error by counsel that occurred after the time to appeal expired, counsel's error is not external to Petitioner's conduct. *See id.* at 249 (ruling that, for purposes of equitable tolling, actions of counsel cannot be external to habeas petitioners unless a right to counsel exists in the accompanying proceedings). Finally, Petitioner does not demonstrate that counsel's actions actually prevented him from timely filing the instant petition. Therefore, Petitioner is not entitled to equitable tolling, and the statute of limitations bars the instant petition.

---

[8] In his petition, Petitioner contends that the statute of limitations should not apply "[b]ecause I ask that this Court hear this petition pursuant to the 'Ends of Justice Rule' as both state and federal law has been violated." (Pet. 14.) He offers no factual or legal grounds in support of his contention.

## IV.  Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss will be GRANTED.

Petitioner's Petition for Writ of Habeas Corpus will be DISMISSED.

An appropriate Order shall issue.

/s/

M. Hannah Lauck
United States Magistrate Judge

Date: 3/6/09
Richmond, Virginia

6